OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court, Division of Domestic Relations of Stark County relative to income determination, spousal and child support, visitation, attorney fees and related matters.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this cause were married on November 14, 1986, and two children, Shana, D.O.B. 6/18/86 and Brandon, D.O.B. 7/30/93 were born thereof.
 {¶ 3} The family businesses were: construction, chicken raising and dog breeding.
 {¶ 4} Both parties produced W-2 forms from the construction business, Pro-Guard Home Improvement, Inc. indicating respective salaries of $12,000.00. Such corporation expensed individual debts of the parties for mortgage, car and utilities.
 {¶ 5} The court made the following findings and orders as to this appeal:
 {¶ 6} "The Court finds the Husband's annual gross income to be $12,000 and the Wife's annual gross income to be $12,000. These income figures were obtained from the 2003 W-2's for each party. Wife will be unemployed after the divorce. There was testimony that Wife could obtain employment, with her skill level, making approximately $23,000 for full time employment. Wife is a college student and full time employment would not be feasible. Wife's income is therefore imputed at her last year's earnings since she testified that she will be obtaining part time employment. Husband testified that if he sought a construction job he could potentially make $45,000, however he is building up his own business. His 2003 earnings were therefore used to calculate child support."
 {¶ 7} * * * *
 {¶ 8} "According to the child support schedules and worksheet calculations, the Court finds that annual child support for two children is $6,385.20. The Husband's obligation is $3,192.60, or 50%, and the Wife's obligation is $3,192.60, or 50%. Per the worksheet, Father's support obligation would be $133.03 plus processing fees, per child per month. (See attached worksheet).
 {¶ 9} "Because this amount of child support is unjust, inappropriate, and not in the best interest of the children, the Court deviates from the schedules for the following reasons: Father shall have extended parenting time with the children, the parenting time being split equally between the parents. Husband's earning potential is currently greater than Wife's and he will be sharing living expenses with another person, based upon his own testimony. § 3119.23(D), (H), and (P)."
 {¶ 10} * * * *
 {¶ 11} "The Court considered all of the spousal support factors and finds that spousal support is appropriate and reasonable. § 3105.18(C)(1).
 {¶ 12} "Beginning on the first day of the first month following the filing of the Final Decree, and subject to the continuing jurisdiction of this Court, the Husband shall pay to the Wife spousal support in the sum of $1000, per month, (plus 2%) processing fee). This spousal support shall terminate upon either parties' death, the Wife's remarriage or three years, whichever first occurs."
 {¶ 13} * * * *
 {¶ 14} "In making the allocation of the parental rights and responsibilities for the care of the children, the Court considered O.R.C. § 3109.04(F)(1) factors."
 {¶ 15} * * * *
 {¶ 16} "The Guardian ad Litem alternatively recommended that it would be in the children's best interest that Mother be named residential parent and legal custodian, but that the parenting time allocation be split equally, with proposed schedule as adopted by this court. The Court finds that it is in the children's best interest to designate Wife as the residential parent and adopt the parenting time schedule as recommended by the Guardian ad Litem."
 {¶ 17} * * * *
 {¶ 18} "Pursuant to the child support schedules and worksheet the annual amount of reasonable and necessary child support for two children is $6,385.20. Fact #4. The Husband's oblication [SIC] is $3,192.60, or 50%, and the Wife's obligation is $3,192.60, or 50%. (See attached worksheet). O.R.C. § 3109.05(A)(1), § 3113.21 to § 3113.219.
 {¶ 19} "Beginning the first day of the first month following the filing of the Final Decree, the Husband, the Obligor, shall pay to the Wife, the Obligee, the sum of $85.28, per month, per child, plus 2% processing fee, for the support of the parties' children.
 {¶ 20} "Because the calculated amount of child support is unjust and inappropriate and not in the best interest of the children, the Court deviates from the schedules. Fact #5. O.R.C. § 3113.215(B)(1)(a)(3)(6)."
 {¶ 21} * * * *
 {¶ 22} "The residential and non-residential parent shall designate the children as dependents on his/her employer provided health insurance. O.R.C. § 3113.217.
 {¶ 23} "The Stark County Family Court Exhibit `C' shall govern health insurance coverage for the children. The residential parent shall be responsible for the first $100 per child, per calendar year, of `out-of-pocket' medical expenses. The balance, if any, shall be paid as follows: Husband 50% and Wife 50%. `Out-of-pocket' expenses include, but are not limited to deductibles, co-pays, uninsured health care expenses, orthodontia and psychologicals. § 3113.215(A)(12)."
 {¶ 24} * * * *
 {¶ 25} "Each party shall pay his/her attorney fees and costs."
 {¶ 26} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 27} "I. The trial court erred as a matter of law in calculating both parties' incomes.
 {¶ 28} "II. The trial court erred as a matter of law in calculating child support.
 {¶ 29} "III. The trial court erred as a matter of law and/or abused its discretion in determining the amount and duration of spousal support.
 {¶ 30} "IV. The trial court erred as a matter of law and/or abused its discretion in determining that the children should spend fifty percent of their time with appellee.
 {¶ 31} "V. The trial court erred in requiring appellant to pay fifty percent of the expenses for the health care of the children.
 {¶ 32} "VI. The trial court erred in requiring appellant to pay her own attorney's fees."
 I. {¶ 33} The First Assignment asserts error in determining the respective incomes of the parties.
 {¶ 34} Statutory factors to be considered as to income or imputed income are stated in R.C. 3119.01(C)(11) and (13):
 {¶ 35} "Potential income" means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:
 {¶ 36} "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:
 {¶ 37} "(i) The parent's prior employment experience;
 {¶ 38} "(ii) The parent's education;
 {¶ 39} "(iii) The parent's physical and mental disabilities, if any;
 {¶ 40} "(iv) The availability of employment in the geographic area in which the parent resides;
 {¶ 41} "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 {¶ 42} "(vi) The parent's special skills and training;
 {¶ 43} "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 {¶ 44} "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 {¶ 45} "(ix) The parent's increased earning capacity because of experience;
 {¶ 46} "(x) Any other relevant factor.
 {¶ 47} "(b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant.
 {¶ 48} * * * *
 {¶ 49} "(13) "Self-generated income" means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. "Self-generated income" includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses."
 {¶ 50} There is no question that the W-2 forms are inaccurate in that certain personal items were incorrectly expensed by the corporation.
 {¶ 51} The net effect was not consequential as all aspects of the corporation were ultimately considered.
 {¶ 52} The essential argument of Appellant as to this Assignment relates primarily to the value of their corporation, Pro-Guard Home Improvement, Inc., as to the income therefrom, rather than to the incorrect W-2 forms.
 {¶ 53} The experts differed on the valuation of such corporation and the magistrate's decision, as accepted by the court, found the testimony of Jeffrey Sherritt, CPA, (Appellant's expert), to be more credible.
 {¶ 54} Such expert considered all of the factors which he determined to affect value such as back wages paid to each and to their children, depreciation and rental income, receivables, cash, liabilities, equipment and goodwill.
 {¶ 55} It is the prerogative of the trier of the facts to determine the credibility of the witnesses and the weight attributable to them, including experts. State v. Jamison (1990), 40 Ohio St. 3d 182.
 {¶ 56} The decision of the court took into consideration that the business of the corporation was based on a one-year contract with a sole supplier.
 {¶ 57} As to income, the magistrate determined Appellant's potential full time earnings would be approximately $23,000.00 and that of Appellee, if employed in construction at $45,000.00.
 {¶ 58} Factors lessening such earnings were Appellant's status as a student and Appellee being in a start-up business.
 {¶ 59} The final examination of the magistrate's decision on this issue, as accepted by the court is whether an abuse of discretion occurred in treading through the maze of conflicting testimony. We find that no such abuse occurred.
 {¶ 60} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 61} Based upon the court's conclusions as to the facts and the law which the court applied, we cannot conclude that an abuse of discretion occurred.
 {¶ 62} Therefore, the First Assignment is rejected.
 II., III., V., VI. {¶ 63} Appellant states that all of the remaining Assignments of Error, except Assignment IV, are predicated upon the incorrect calculation of income as referenced in the First Assignment. Since we disagree with Appellant's conclusions as to such initial Assignment only a cursory examination of such related Assignments is necessary.
 {¶ 64} The Second Assignment finds error in determining child support and is closely related to the First Assignment in that the same arguments as to incorrect wage calculation are utilized.
 {¶ 65} The standard of review as to child support is also that of abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142.
 {¶ 66} R.C. 3113.215(B)(1) requires that a calculation of the amount of an obligor's child support obligation must be made "in accordance with" the basic child support schedule set forth in R.C. 3113.215(D), the applicable worksheet in R.C. 3113.215(E) or (F), and other requirements of the law. R.C. 3113.215(E) and (F) both provide a sample or "model" worksheet and each provision directs the court to "use a worksheet that is identical in content and form" to the applicable model provided. Interpreting these provisions, the Ohio Supreme Court has held that a child support computation worksheet as provided for in R.C. 3113.215 must actually be completed and made a part of the trial court's record. Markerv. Grimm (1992), 65 Ohio St.3d 139, syllabus one.
 {¶ 67} As to the child support calculations, the Court reviewed the worksheet calculations based on the imputed income and, finding an unjust result, deviated in the best interests of the children.
 {¶ 68} We find that the worksheet and the computations thereof were supported by competent, credible evidence and substantially complied with the form and contents required.
 {¶ 69} We would be required to find an abuse of discretion to alter such conclusions and find none.
 {¶ 70} Also, an award of spousal support must be reviewed on an abuse of discretion basis. Cherry v. Cherry (1981), 66 Ohio St.2d 348.
 {¶ 71} We find no such abuse.
 {¶ 72} An abuse of discretion standard also applied to health care costs in the Fifth Assignment. The court acted within its discretion as to these decisions, based upon the imputed income.
 {¶ 73} Also, the court within its discretion can order payment of attorney fees based upon its acceptance of the evidence. Rand v. Rand
(1985), 18 Ohio St.3d 356. We find no error as to these conclusions.
 {¶ 74} Therefore, the Second, Third, Fifth and Sixth Assignments are rejected.
 IV. {¶ 75} The Fourth Assignment questions the division of parenting time since no shared parenting arrangement was requested. Essentially, the argument is based on Appellant's conclusion that this is not in the best interests of the children. While we understand Appellant's view of the facts perhaps exacerbated by the Appellee's affair and residence with his girlfriend, we cannot reverse the court's conclusion when the facts accepted support the court's reasoning. Even though shared parenting was not before the court, it was within the court's discretion to divide the time in the manner it believed was warranted. The argument that Appellant is prevented thereby from making fundamental decisions as to the children is not substantially by the record.
 {¶ 76} This Assignment is also rejected.
 {¶ 77} This cause is affirmed with costs divided between the parties.
Boggins, P.J. Gwin, J., Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Stark County Court of Common Pleas is affirmed. Costs assessed to be divided between the parties.